IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOSHUA ORSINGHER HENSON                                                            PLAINTIFF

v.                          Civil No. 5:21-cv-05214

DEPUTY C. FOSTER, Benton County
Detention Center (BCDC); NURSE JESSE
PRINCE; NURSE SHAWNA STEPHENS; and
DEPUTY MEGAN RUTLEDGE                                                              DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a civil rights action filed by Plaintiff Joshua O. Henson ("Henson") pursuant to 42 U.S.C. § 1983. Henson proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable P.K. Holmes, III, United States District Judge, referred this case to the undersigned for the purpose of making this Report and Recommendation.

The case is before the Court for preservice screening pursuant to the provisions of 28 U.S.C. § 1915A(a). Pursuant to § 1915A(a), the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

**I. BACKGROUND**

In Count One, Henson asserts a denial of medical care claim against Deputy Foster, Nurse Prince, and Nurse Stephens. (ECF No. 1 at 4). Henson says he was arrested on July 2, 2019 and booked into the Benton County Detention Center ("BCDC"). *Id.* After a week, Henson indicates he began feeling sick; his neck was "locking up;" and he believed his lung had collapsed. *Id.* Henson alleges that Nurse Prince and Nurse Stephens told him he was lying and ordered him back

to his pod. *Id.* Henson says he continued to ask for help and was told the same thing by the nurses and Deputy Foster. *Id.*

Henson alleges nothing was done until he fell into a coma as a result of his brain swelling and was taken to the hospital. (ECF No. 1 at 4-5). Henson was diagnosed as suffering from spinal meningitis. *Id.* at 4. Both his lungs collapsed. *Id.* at 5. Henson states he remained in the hospital for three months. *Id.* at 4. Henson maintains he nearly died as a result of the inadequate care and inaction of the nurses and Deputy Foster. *Id.* at 5.

In Count Two, Henson alleges he was charged for medical services he did not receive and/or were inadequate. (ECF No. 1 at 6). He has named Deputy Rutledge, the medical billing officer, as a Defendant on this claim. *Id.* at 3 & 6. Specifically, Henson maintains he was forced to pay over $200 out-of-pocket for these charges. *Id.* at 6. Henson says he should not be required to pay for these services since he almost died in Defendants' care. *Id.* Henson indicates he asked for, but was denied, a refund. *Id.*

## II. LEGAL STANDARD

Under § 1915A, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988); *Spencer*

*v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). This means "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Jackson*, 747 F.3d at 544 (cleaned up). However, the complaint must still allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. DISCUSSION

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) each defendant acted under color of state law, and (2) that he or she violated a right secured by the constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999).

#### A. Denial of Medical Care Claim

Jail officials violate the Due Process Clause of the Fourteenth Amendment when they

exhibit deliberate indifference to a pretrial detainee's objectively serious medical needs.[2]  *See Ivey v. Audrain Cnty., Mo.,* 968 F.3d 845, 848 (8th Cir. 2020).  To succeed on this type of claim, a plaintiff must demonstrate that he had an objectively serious medical need and that the defendant actually knew of but deliberately disregarded that need.  *Id.* (citing *Morris v. Cradduck*, 954 F.3d 1055, 1058 (8th Cir. 2020)).  The Court believes Henson has alleged a plausible claim for denial of medical care against Deputy Foster, Nurse Prince, and Nurse Stephens.

    B.  **Charges for Medical Care Claim**

With respect to the charges for medical services, no plausible claim is stated.  While jails are required to provide basic medical care to inmates, there is no requirement that the jails provide the medical care free of cost.  *Roberson v. Bradshaw*, 198 F.3d 645 (8th Cir. 1999)(Inmates may be constitutionally required to pay for their own medical expenses if they can afford to do so).  Detention facilities fulfill "its constitutional obligation by seeing that . . . the medical care needed is in fact provided."  *County of Sacramento v. Lewis,* 523 U.S. 833, 851 (1998).  In this case, Henson alleges only that he should not have been charged for the medical services because they were inadequate.  He does not contend he was denied medical services or maintain he could not afford to pay the fees charged.  While it does not seem to be "fair" for Henson to be charged under the circumstances alleged, the Court finds that no plausible claim is stated against Deputy Rutledge under the United States Constitution.

---

[2] Henson indicates he is a pretrial detainee in his Complaint.  (ECF No. 1 at 2).

## IV. CONCLUSION

For these reasons, it is recommended that the claims against Deputy Rutledge be dismissed for failure to state a claim. 28 U.S.C. § 1915A(b). By separate order the Complaint will be served on Deputy Foster, Nurse Prince, and Nurse Stephens.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 8th day of December 2021.

*/s/ Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE