IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOSHUA ORSINGHER HENSON                                                          PLAINTIFF

v.                              Civil No. 5:21-cv-05214

DEPUTY C. FOSTER;
NURSE JESSE PRINCE; and
NURSE SHAWNA STEPHENS                                                            DEFENDANTS

## REPORT AND RECOMMENDATION

Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable P.K. Holmes, III, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Before the Court for consideration is Plaintiff's failure to comply with orders of this Court.

Plaintiff Joshua Orsingher Henson filed this 42 U.S.C. § 1983 action *pro se* on December 1, 2021. (ECF No. 1). His application to proceed *in forma pauperis* ("IFP") was granted that same day. (ECF No. 3). On September 6, 2022, Defendant Deputy C. Foster and Defendants Nurse Jesse Prince and Nurse Shawna Stephens filed Motions for Summary Judgment. (ECF Nos. 16 and 19). On September 7, 2022, the Court entered an Order directing Plaintiff to respond to both Motions for Summary Judgment by September 28, 2022. (ECF No. 22). This Order also informed Plaintiff that failure to timely comply with the Order would result: (1) in all of the facts set forth by the Defendants in their summary judgment filings as being deemed admitted by Plaintiff; or (2) subject his lawsuit to dismissal. On September 19, 2022, Plaintiff filed a Motion to Appoint Counsel. (ECF No. 24). The Court denied this Motion pursuant to 28 U.S.C. 1915(e)(1). (ECF No. 25).

To date, Plaintiff has not responded to Defendants' Motions for Summary Judgment or communicated with the Court since he sought appointment of counsel. It has now been more than thirty (30) days since Plaintiff made a filing in this matter, and this Court's Order denying Plaintiff's Motion to Appoint was mailed to Defendant at his address of record and has not been returned as undeliverable.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to comply with the Court's order directing him to respond to Defendants' Motions for Summary Judgment. Therefore, pursuant to Federal Rule of Civil

Procedure 41(b) and Local Rule 5.5(c)(2), it is recommended that Plaintiff's Complaint (ECF No. 1) be **DISMISSED WITHOUT PREJUDICE.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this 3rd day of November 2022.

*Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE